# In the United States Court of Federal Claims

No. 10-298C
(Filed under seal September 25, 2011)
(Reissued September 28, 2011)[1]
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                   *
MORI ASSOCIATES, INC.,             *
                                   *
                                   *
               Plaintiff,          *
                                   *
       v.                          *
                                   *
THE UNITED STATES,                 *
                                   *
               Defendant.          *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

### ORDER GRANTING PERMANENT AND PRELIMINARY INJUNCTIONS

As will be discussed in greater detail in a forthcoming opinion, the Court has concluded that it has jurisdiction, under 28 U.S.C. § 1491(b)(1), to consider plaintiff's challenge to the cancellation of solicitation NIH-NIDDK-08-01, as allegedly violating 48 C.F.R. § 1.602-2(b) (as well as 48 C.F.R. § 3.101-1); and to consider plaintiff's challenge to the government's attempt to use RFQ No. NLM-11-105/KDM to obtain help desk services, as allegedly violating 48 C.F.R. § 19.502-2(b).  The Court has found that the Contracting Officer's cancellation of solicitation NIH-NIDDK-08-01 lacked a rational basis and thus violated the standard of 5 U.S.C. § 706(2)(A), as applied to bid protests via 28 U.S.C. § 1491(b)(4).  The Court has also determined that the "Rule of Two" requirement of 48 C.F.R. § 19.502-2(b) applies to the National Institutes of Health's ("NIH") attempt to use RFQ No. NLM-11-105/KDM to obtain help desk services for the National Institute of Diabetes, Digestive and Kidney Diseases ("NIDDK"), and that failure to perform the "Rule of Two" analysis would be a clear and prejudicial violation of 48 C.F.R. § 19.502-2(b).

Concerning the cancellation of solicitation NIH-NIDDK-08-01, plaintiff is entitled to judgment on the administrative record.  Further, the Court has determined that the plaintiff will suffer irreparable injury if the cancellation is not enjoined; that the harm suffered by the plaintiff, if the cancellation is not enjoined, will outweigh the harm to the defendant; and that granting

---

[1]  Because of a protective order, the parties were given the opportunity to propose redactions. They have agreed that redactions are unnecessary, and thus the order is being reissued unsealed.

injunctive relief serves the public interest. Thus, as described and modified below, plaintiff's request for a permanent injunction against the cancellation is **GRANTED**.

Concerning the government's attempt to use RFQ No. NLM-11-105/KDM to obtain help desk services for the NIDDK, plaintiff's motion for a preliminary injunction is **GRANTED**. The Court has determined that the plaintiff will suffer irreparable injury if the procurement is not enjoined; that the harm suffered by the plaintiff, if the procurement is not enjoined, will outweigh the harm to the defendant and third parties; and that granting injunctive relief serves the public interest. The Court has also determined that plaintiff has made a sufficient showing of likelihood of success on the merits of its claim to warrant the extraordinary remedy of injunctive relief, taking into account the other factors, above. The Court has not been made aware of any evidence that the Contracting Officer had performed the "Rule of Two" analysis before deciding to use a procurement method that did not set aside the acquisition for small businesses, and it appears that at least two responsible small business concerns had been offering these services under solicitation NIH-NIDDK-08-01.

Accordingly, **IT IS ORDERED** that the United States, including the Department of Health and Human Services, the NIH, the NIDDK, its Contracting Officer, and its other officers, agents, servants, employees, and representatives, and all persons acting in concert and participating with them respecting the procurement under solicitation NIH-NIDDK-08-01 are hereby RESTRAINED AND ENJOINED from cancelling solicitation NIH-NIDDK-08-01 based on the November 29, 2010 cancellation and the November 23, 2010 memorandum of the Contracting Officer.

Pending further order of the Court, **IT IS ORDERED** that the United States, including the Department of Health and Human Services, the NIH, the NIDDK, its Contracting Officer, and its other officers, agents, servants, employees, and representatives, and all persons acting in concert and participating with them respecting the procurement under RFQ No. NLM-11-105/KDM are hereby RESTRAINED AND ENJOINED from awarding a task order under RFQ No. NLM-11-105/KDM or allowing any contractor to perform under any task order under RFQ No. NLM-11-105/KDM.

Under Rule 65(c) of the Rules of the Court of Federal Claims, the plaintiff must give security "in an amount that the court considers proper." The Court has determined that the proper amount of security in this case is $0.00.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge
